IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA J. ROMERO,

       Plaintiff,

v.                                              CV 10-0580 WPL

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**ORDER**

This matter is before me on Barbara Romero's motion for an award of $4,869.90 in attorney fees under the Equal Access to Justice Act (EAJA). (Doc. 29.) Romero has also moved for a cost award of $340.89 in New Mexico gross receipts tax under EAJA. (*Id.*) The Commissioner does not object to the award of fees but does object to the cost award. (Doc. 30.) Having reviewed the motion, the response, and the record, I find that an award of attorney fees is appropriate and that the amount of fees requested is reasonable. However, I conclude that an award of gross receipts tax in this case is improper.

Romero is not entitled to a cost award of gross receipts tax under EAJA for multiple reasons. First, the Tenth Circuit has held as a matter of statutory interpretation that litigants proceeding *in forma pauperis* (IFP) may not receive cost awards against the United States under EAJA. *Chambers v. Barnhart*, 355 F.3d 1261, 1262-63 (10th Cir. 2004). The court found that "[w]hile the EAJA authorizes the award of costs against the United States, this authorization-which effects a waiver of sovereign immunity-is qualified by the phrase '[e]xcept as otherwise specifically provided by statute.'" *Id.* at 1262 (quoting 28 U.S.C. § 2412(a)(1)). The court then found that "the [IFP] statute, 28 U.S.C. § 1915, specifically provides otherwise. In [IFP] cases, a '[j]udgment may be rendered

for costs . . . as in other proceedings, *but the United States shall not be liable for any of the costs thus incurred.*'" *Id.* at 1262-63 (emphasis in original) (quoting 28 U.S.C. § 1915(f)(1)).

  Romero argues that this analysis is not controlling because *Chambers* considered a bill of costs under FED. R. APP. P. 39 submitted by a litigant proceeding IFP instead of an application for costs under EAJA, and the decision specifically noted this distinction. 355 F.3d at 1261 n.1. However, the only significance of this distinction, as the court subsequently explained, is that an application for costs under EAJA could not have been decided by the Tenth Circuit because "EAJA fees applications in social security cases [must] be filed in the first instance in the district court." *Id.* (quotation omitted). The fact that the court was considering a bill of costs under FED. R. APP. P. 39 by a litigant proceeding IFP on appeal does not change the court's underlying analysis of the interaction between EAJA and 28 U.S.C. § 1915, which I find to be controlling in this case. Because Romero proceeded IFP in this case (Doc. 5), she may not receive a cost award of gross receipts tax.[1]

  Second, even if Romero had not proceeded IFP, she would still not be entitled to an award of gross receipts tax. A published decision by Judge Vázquez of this District has found that payment of New Mexico gross receipts tax does not "fit within the spirit" of EAJA, which is meant to "make competent legal representation available to parties in litigation against the government." *Nat'l Labor Relations Bd. v. Pueblo of San Juan*, 305 F. Supp. 2d 1229, 1237-38 (D.N.M. 2003). Judge Vázquez also noted that she had found no other decisions in which gross receipts tax was awarded under EAJA. *Id.* at 1238. Although Romero argues that an unpublished decision of this Court has

---

[1] Although Romero moved in her original motion for "an award of costs in the amount of $340.89 for gross receipts tax on the EAJA award," (Doc. 29 at 1), in her reply she suggests that the gross receipts tax could be treated as an expense under EAJA instead of a cost. (Doc. 31 at 2 ("Whether labeled costs or attorney 'expenses,' Ms. Romero is responsible for payment of the gross receipts tax . . . .").) However, EAJA defines expenses as "[including] the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case . . . ." 28 U.S.C. § 2412(d)(1)(A). I find that gross receipts taxes do not qualify as an "expense" under EAJA because they are not necessary for the preparation of a party's case or otherwise in line with these examples.

subsequently reimbursed gross receipts tax under EAJA after finding that such taxes are "typically passed onto a client as part of an attorney's routine billing practice," *Saenz v. Dep't of the Interior*, No. 03-cv-0232-MCA-LFG (D.N.M. Feb. 20, 2004), Doc. 6 at 28, that decision did not address *Pueblo of San Juan* and I agree with Judge Vázquez's reasoning.[2]  I am particularly persuaded that excluding New Mexico gross receipts tax will not frustrate the purpose of EAJA by the fact that, prior to the present motion, I had not received a motion for an award under EAJA that even requested gross receipts tax.  Other than *Saenz*, Romero has pointed to no other decision where the New Mexico gross receipts tax was awarded under EAJA.

   IT IS THEREFORE ORDERED that Romero's motion is granted with respect to her request for attorney fees but denied as to her request for gross receipts tax on her attorney fees.  Romero is awarded $4,869.90 in attorney fees under 28 U.S.C. § 2412(d).  *See Astrue v. Ratliff*, --- U.S. ---, 130 S. Ct. 2521, 2525-27 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

   IT IS FURTHER ORDERED THAT, if Romero's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Romero pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

                    _____
                     William P. Lynch
                     United States Magistrate Judge

---

[2] Romero argues that Judge Vázquez's reasoning is inapposite in this case because Romero is a social security claimant with limited means, unlike the applicant in *Pueblo of San Juan*. (Doc. 31 at 1.) However, Judge Vazquez's conclusion–that awarding gross receipts tax under EAJA is not within the spirit of the statute–holds true regardless of the financial condition of the applicant.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.   3